## ASHFIELD.

The reception of illegal votes, sufficient in number to change or prevent a majority, is not sufficient to invalidate an election, unless it also appears that such votes were for the person elected.

It seems, that a ballot, having the same name twice written upon it, is to be counted as one vote.

THE election of Hosea Blake, returned a member from the town of Ashfield, was controverted by Kimball Howes and seventy-seven others, legal voters of that town, on the ground, that four persons, namely, Ebenezer Putney, Thomas Dixon, Jr., William McLanathan, and James Hoyt, who were not duly qualified, voted at the election on the fourth Monday of November for the sitting member, who was declared to be elected by 148 votes out of 295. The votes were, for Hosea Blake, 148; Samuel W. Hall, 106; Anson Bement, 37; Kimball Howes, 1; for three other persons, each, 1. The name of Samuel W. Hall was written twice on one of the ballots, which was counted by the selectmen as one vote.

The committee on elections, to whom the case was referred, being thereunto authorized by the house, and at the request of the petitioners and of the respondent, appointed a commissioner to take testimony; and no other evidence except the depositions taken by him was introduced before the committee.

The objections to the voters above-named were, that they had not paid the requisite tax to entitle them to vote at the election. It was in evidence, by the deposition of Elisha Cranston, who was the collector of taxes in Ashfield, for the years 1847 and 1848, that neither of the persons named paid any tax in Ashfield during those years; and by the testimony of Foster R. King, collector for 1849, that their names were not on the lists for that year, when committed to him; but it further appeared, by the testimony of David Gray, one of the assessors, and also a selectman of Ashfield, that on the second Monday of November, 1849, after the poll had been opened, the assessors assessed a tax against McLanathan, and his name was thereupon entered on the list of voters; and that

a similar assessment was made on the fourth Monday, against Hoyt, Dixon, and Putney, (the two last after the poll had been opened on that day,) and their names were then put on the list of voters.[1]

By the depositions of Putney and McLanathan, it appeared, that they voted at the election, when the sitting member was chosen, but it did not appear for whom they voted. It was in evidence, also, that Dixon voted, but it did not appear for whom.

It was in evidence that Hoyt voted in the election; but as to the person for whom he voted, there was conflicting testimony. Being inquired of for whom he voted, he stated that he was unwilling to answer the question, and it was thereupon waived. In reference to this point, the following evidence was introduced. David Gray, who was one of the selectmen, testified as follows :—

"There was a crowd around the poll, when Hoyt voted. Hoyt entered the space between the railing and the seat of the selectmen, at the south end of the railing. I do not know but he entered the space at the north end of the railing, and then came back, and went in at the south end when he voted. When Hoyt voted, Allen Phillips stood off ten or twelve feet, I should think, from the seat where the selectmen sat, and stood in front of their seat. I think Phillips could not see Hoyt's vote where he stood; I think I could not see the ballot of said Hoyt, had I been placed where Phillips stood. I'did not hear Phillips ask Hoyt to let him see his, Hoyt's, ballot, nor did I see Hoyt exhibit the same to Phillips. I cannot say, whether persons stood between Phillips and Hoyt, when Hoyt voted, or not. I heard Phillips say, that Hoyt had the wrong ballot or vote, previous to Hoyt's voting."

Francis Bassett testified as follows :—

"I attended the election of representative in Ashfield, on the fourth Monday of November last. James Hoyt, of Ashfield, told me that he voted for Mr. Blake. He said it was the Blake that was in Crafts's store. Hoyt said it was his vote that elected him, or that Blake got in by his, Hoyt's, vote. Crafts has a partner in his store by the name of Blake. Hoyt never told me that he voted for Hosea Blake. The partner of Crafts is not Hosea Blake."

Allen Phillips testified as follows :—

"I was present at the election held in Ashfield, on the fourth Monday of November last. James Hoyt was present at that election, and voted in the same; and said Hoyt voted for Hosea Blake, for representative for said town of Ashfield, to the general court. I saw him, the said Hoyt, vote. I asked Hoyt to show me his vote, and he held it up, so that I saw it. Hoyt then deposited that vote in the ballot-box. I could and did read the name on the ballot which Hoyt deposited in the box."

---

[1] It is not stated in the evidence, though such must have been the fact, that the taxes thus assessed were paid.

On the other hand, Hoyt himself testified, that, on the fourth Monday of November, he did not show his vote to Allen Phillips, nor did Phillips see the same; that Phillips did not ask him to show his vote; but that he did not hold his vote in such a situation, that no one could see it before it was put into the ballot-box.

The petitioners introduced, as a witness, Martin W. Phillips, whose name not being on the petition, the sitting member objected, on that ground, to his testimony. His evidence was as follows:—

"I am a resident of Ashfield. I was present at the election there on the day when Mr. Blake was elected; it was the twenty-seventh day of November last. I voted for representative at said election. I voted for Hosea Blake for representative. I was twenty-one years of age on the twenty-fifth day of November last I paid a highway tax in eighteen hundred and forty-nine, and have paid no other tax. I do not know the time my name was put on the list of voters. I did not request the selectmen to put my name on the list. I worked out the highway tax that I paid."

The sitting member introduced the depositions of Strong Packard and Alvan C. Hitchcock, to prove that they were not legal voters, and that they voted against him at the election.

The former testified, that he was twenty-one years old on the 13th of July, previous to the election; that, until the 10th of that month, when he came to Ashfield to reside, he had lived at Plainfield, with his father; and that he voted in Ashfield, on the fourth Monday of November, when the election took place, for Samuel W. Hall.

The other witness testified as follows:—

"I, Alvan C. Hitchcock, of Conway, in the county of Franklin, and commonwealth of Massachusetts, of lawful age, do depose, testify, and say, that I now reside in Conway. I am a single man. My father resides in Conway, and has always resided there. I am twenty-eight years of age. I have resided in Ashfield, in said county, since the fourth day of December, eighteen hundred and forty-eight, until the Saturday before the fourth Monday of November, eighteen hundred and forty-nine, when I left and went to my father's in Conway. While I resided in Ashfield I worked for Darius Williams. I was at my father's on the morning of the fourth Monday of November last. I attended the election in Ashfield on the fourth Monday of November, and voted for representative. I did not vote for Hosea Blake for representative. I have not worked in Ashfield since I left, on the Saturday before the fourth Monday of November last. I went to Conway after I voted, on Monday night. I had no contract to work for Williams after that time. When I came to work for Williams I engaged for no particular time. I have got my living by working at different places, in Conway and Ashfield. I have peddled sometimes. When I have been out of business I have always staid at father's."

74

Question by petitioners.—When you left Ashfield, on Saturday, for Conway, did you intend to return and vote in Ashfield on Monday?

Answer.—I did.

Question by same.—Was it your intention to retain your residence in Ashfield until after election, that you might vote?

Answer.—It was.

The committee concluded their report as follows:—

" The committee, believing it to be their duty to collect the facts bearing on the case, have here presented the testimony before the house, and it only remains for them to state to the house their own conclusions, drawn from this testimony.

The committee were satisfied, that the four persons named in the petition were not legal voters, and that they voted at said election. It has been decided by former houses, that when a sufficient number of votes to change a majority are illegally received or rejected, the election is void.

The committee thought it was not necessary to apply so stringent a rule to the present case. They were satisfied, that James Hoyt voted for said Blake; that the testimony of Allen Phillips, although contradicted by Hoyt, in certain particulars, is confirmed by that of Francis Bassett and David Gray, in its essential points, and is worthy of credit.

With regard to the testimony of Martin W. Phillips, the only objection urged by the sitting member, against its reception by the committee, was, that his name was not mentioned in the petition. The petitioners asked leave to amend their specification so as to include his name.

The committee considered that said Blake had opportunity to rebut the testimony of Phillips, if it had been possible to do so; that the existence of such evidence, if rejected by the committee, would be sufficient ground for another petition and another investigation. They, therefore, did not think proper to reject it. By his deposition, it appears, that he was not a legal voter, he never having paid a state or county tax, in accordance with the requisitions of the seventeenth section of the fifteenth chapter of the Revised Statutes. The committee were satisfied, that he was not a legal voter, and that he voted for said Blake.

The sitting member relied on the depositions of Strong

Packard and Alvan C. Hitchcock, to sustain his claim to a seat. The committee had no doubt that Strong Packard was not a legal voter, and that he voted for one of the other candidates at said election.

To the vote of Alvan C. Hitchcock, it was objected, that he never acquired any domicil in Ashfield, and if he had, that he abandoned it on the Saturday before the election. The committee have endeavored to be guided in this matter by the opinions of the supreme judicial court.

He had resided in Ashfield almost twice as long as the term of time required by the statute. He had paid taxes for that year in that town, and the committee were of the opinion, that had he not left on the Saturday previous to the election, his right to vote in Ashfield would not have been questioned. They then applied the general principle as laid down by the court, 'that the intention must be coupled with the act.' He testified that when he left, at the time mentioned, he did not remove his clothes and other effects, and that he intended to return and retain his domicil in Ashfield. The committee were, therefore, of opinion, that he was a legal voter.

The committee, having rejected one vote cast against the sitting member, and two that were given for him, and he having been declared to be elected by one vote, recommend the adoption of the following order : —

Ordered, That the seat of Hosea Blake, returned as a member of this house from Ashfield, be, and hereby is, declared vacant."

The report was considered on the second of March,[1] when it was moved that it should be amended by striking out its conclusion and inserting, in lieu thereof, "that the petitioners have leave to withdraw their petition." Pending the question on this amendment, the subject was debated on the day above named, and also on the fifth[2] and sixth[3] of March, on which last day the amendment was adopted, and the report, so amended, was agreed to.

A resolve[4] was subsequently passed "to pay the expense of the Ashfield election case."

[1] 72 J. H. 385.    [2] Same, 394.    [3] Same, 399.    [4] Same, 459, 485, 503, 513, 573.